The plaintiff admitted that the defendant had performed all his stipulation, except making him a title to the land above mentioned; (303) that he (the defendant) had no title to one of the tracts, and that *Page 245 
it never had been valued by the locator. He alleged that he had from misplaced confidence, consented that the agreement should be delivered to the defendant. The bill prayed that the plaintiff might have a decree for the stipulated value of the land, or such relief as he was entitled to.
The defendant admitted that he had not, at the time of his answer, procured a grant for the tract of 357 acres, and that it never had been valued by the locator, but he insisted that it was of the stipulated value, and that it was not valued at the time of its location, by mistake.
At the hearing the defendant filed grants to himself for both the tracts, and a deed of bargain and sale from him to the plaintiff.
The defendant has now a good title to the lands. The circumstance of the locator's valuation not being endorsed on the entry of the 357-acre tract is not such a misrepresentation as will authorize the plaintiff to waive the contract which binds him to take the two tracts of land as part payment of the $5,100. As the defendant can now make an unexceptionable title to the two tracts of land, there would be no difficulty in decreeing the plaintiff to take them in payment of the $1,500, according to the agreement, if the locator's valuation of $3 per acre had been endorsed on both the entries. The plaintiff contends that the 357-acre tract is of little or no value. The defendant insists that although the locator did not endorse on the entry any valuation, yet it is land of that description that would have been valued by the locator, at the location, at $3 per acre. From the interpretation which we think should be put on the contract, and in the absence of proof of any such misrepresentation as can operate to the injury of the plaintiff, we think that the latter shall be compelled to take a conveyance of the two tracts of land, (304) but that it shall not operate as a complete discharge of the defendant from the entire payment of the $1,500 mentioned in the agreement, unless the master shall report that the 357-acre tract is of that quality and description which would at least have been valued at $3 per acre at the time of its location. We think that if the land is of a quality that would not have been valued by the locator at the time of location at the price of $3 per acre, then the defendant shall make up the difference in money. The bill will be retained, and it is ordered that the master inquire into the valuation per acre of the 357-acre tract at the time it was located. *Page 246